The Honorable Court, all rise. The Honorable, the United States Court of Appeals for the first decade is now in session. All persons having any business before this Honorable Court may draw near, give their attendance, and they shall be heard. God save the United States of America and this Honorable Court. Good morning. Please be seated. Court is in session. Today's cases will be called as previously announced, and the times will be allotted to counsel. The first case today is 22-1862, Anthony D. Gullini v. Joshua S. Levy. Yes, could we check and see if Judge Salia is connected? I'm connected, Judge Kayana. Thank you. Attorney Mulvey, would you please introduce yourself for the record? Thank you. May it please the Court, my name is Elizabeth Mulvey. With me is Thomas Hoops. We are here today representing Anthony Gullini in his capacity as the District Attorney of Hamden County, which encompasses Springfield, Massachusetts. With the Court's permission, I would ask to reserve two minutes for rebuttal. Yes, you may. To set the stage, Your Honors, this is a case in which the Department of Justice is in possession of information that State Court defendants claim is exculpatory. Based on the DOJ's report, this is information that if the DOJ charged defendants federally, it would clearly have to disclose under Brady and Giglio. Although the District Attorney has some questions about some of the conclusions in the DOJ's report, the District Attorney would want to review this material to see if it's exculpatory and should be disclosed pursuant to his constitutional duty. And yet the DOJ refuses to give up this material. Counsel, but the constitutional duty belongs to the District Attorney. And there is case law, particularly Collins v. Whitley, if he or she can get that information or reasonably get access. But here, the District Attorney can't get access to that information. He can still be as diligent as he can. And if he's not able to get it, he's complying with the constitutional duty. I guess perhaps he'd like to do a little better. And so that's why we're here is to see if he can, in fact, to get access to material that clearly the DOJ has and could identify. There are two grounds, I think, that we would argue today. One is that since this involves constitutional questions, this court should review it de novo and find that the District Attorney is entitled to this material. Second, the District Attorney would argue that even under an arbitrary and capricious and contrary to law standard, he's entitled to this material. But are you arguing that the DOJ faces some constitutional imperative under Brady or otherwise to turn over materials? I mean, suppose the U.S. Attorney picks up the paper one morning and sees that the county DA is prosecuting someone on a crime and Officer John Blow is the arresting officer. And the U.S. Attorney happens to know they're running a sting operation and John Blow is doing some bad stuff. Brady doesn't require the U.S. Attorney to call the DA and tell him we've got this stuff. I agree, Your Honor, but that's not why we're here. We're here in response to a properly served FOIA request and for review under the Administrative Procedures Act. So the obligations then would be whatever obligations exist under FOIA and otherwise, but it wouldn't be any constitutional imperative that we would be reviewing? Well, but the fact that it's FOIA doesn't mean there's not a constitutional requirement or issue involved. No, but that was my prior question was establishing that the U.S. Attorney reading the paper in the morning would have no constitutional duty to alert the DA to anything. And so why would he, if he just happened to get a letter asking for stuff, he would have whatever obligations that letter might otherwise trigger, but it wouldn't be a constitutional trigger? Well, that's, I think, where respectfully I differ because the 706-2B doesn't say it has to be constitutional rights of the plaintiff. It says, are there constitutional rights involved? And clearly there are. The alternative, I would suggest, is inefficient at best and silly because if an individual state court defendant sent a request, a proper FOIA request, asking for this material, that defendant's constitutional rights would be involved. Are you saying if a state defendant sent a FOIA request to the U.S. Attorney, that would somehow implicate Brady? I'm sorry, I missed the beginning of the question, Your Honor. Are you saying that if a state defendant sent a FOIA request to the Department of Justice with regard to a prosecution in a state court, that that would trigger Brady? I think that it would involve that defendant, that requestor's constitutional rights. But the constitutional right is that the prosecutor is prosecuting you, must turn over everything they know and make due diligence to turn it over. It doesn't impose any duty on the prosecutor who's not prosecuting you. I think that the question isn't, is it constitutional there? It's, are there constitutional rights involved? And that's where I think the district court and the DOJ are engrafting on 706-2B language that isn't there. And if you look at it... Excuse me, counsel, where do you get this idea that you can have these free-floating constitutional rights involved? That it doesn't have to be the constitutional right of a party, that anyone who happens to be passing by can invoke someone else's constitutional right? Because I think in this case, Your Honor, in this context, the issue isn't one of whose constitutional right it is, but does the district attorney have standing to seek this material? That doesn't get us to the Constitution, the fact that he has standing. He has standing to seek this material the same way as anyone making a FOIA request would have standing to make it. That doesn't give him any right to assert third parties' constitutional rights or to attempt to impose upon DOJ a constitutional duty that the Constitution itself doesn't impose on DOJ. But the defendants have constitutional rights. The defendants do, but the defendants aren't parties here. Right, but there's nothing in the statute that requires the constitutional right to be that of the party seeking disclosure of information. I go back to my original question. You read the statute as saying that these constitutional rights can be free-floating, that anyone can assert someone else's constitutional right as long as you present a case where the constitutional right is somehow implicated. I don't think that's quite what I'm saying. What I'm saying is a little narrower. I'm saying someone with standing can, on a representational basis, assert the constitutional rights of others. In this case, it makes sense. If the DOJ truly believes in the work that it did, it thinks that some horrible things were going on in the Springfield, Massachusetts Police Department. One would think that it would be eager to help those arrestees whose rights have been impinged upon to vindicate those rights. Instead, it's taking the exact opposite position. It's saying, yes, we think horrible things happened to you, but we're not going to tell you what they were or help you to find them. Instead, they're saying to the district attorney, go figure it out yourself. Well, the way they figured it out was with an investigation that took two and a half years that examined 114,000 documents, interviewed countless witnesses, all at taxpayer expense, and was conducted under statutory authority. And now they're saying to the district attorney, this material is available to you because you could go do what we did. Well, your client filed a request, a two-year request for certain documents. Yes. And your client has all the documents. Well. So what it really seems to want is not the documents, but the thinking of the U.S. attorney as to what those documents show. No, which documents. We're not asking for the thought process. We're asking which documents they're referring to. Well, that's the same thing. There's 114,000 documents in a pile. You've got them all, or your client does. And what your client wants is for the DOJ to put them into smaller piles, explaining for each pile, this is the pile that shows X, this is the pile that shows Y, this is the pile that shows Z. That's different than producing documents. You actually want the thought processes of the U.S. attorney, and you want them as we have to adjudicate this as if we were back in, what, October of 20. So why would the DOJ have to come forward with its thought processes regarding pending potential litigation? I think it's analogous to two cases that have been decided in this circuit. First, the San Juan Hotel litigation, where the court said that the plaintiff's counsel could be forced to designate which of the two million documents. That's a civil case. But if we're talking about work product privilege, which we now, I believe, are, it's the same privilege. But that's in a case. Sure, if the U.S. attorney had filed a suit and litigated it and hadn't settled with Springfield, at some point in that case, Springfield could have served an interrogatory or 30B6 deposition notice asking, what's your evidence that backs up this allegation? Yes. And that would be controlled under the civil discovery process. But you haven't pointed us to any case law that says even before you get to the discovery and litigation, somebody can write a letter and ask the U.S. attorney to disclose that same stuff beforehand. I'm sorry. I think it's important for the principle that identifying documents does not infringe upon the thought process of the attorney who's identifying them. Clearly, in a civil case, knowing which documents your client's going to be asked about would be a giant advantage and would shed light on the thought process. But the designation can be required. The other example I would cite is United States v. Cadden, where the government was required to disclose search terms  and the government made the same argument that that would reveal its thought process and was protected by work product. And the court said, no, you're required to do that. Well, work product in litigation can be overbalanced by the discovery needs of the other party. Right. But that's in litigation that that's all developed. No one's pointed us to any case where the work product privilege regarding pending potential litigation can be preemptively overborne by another party through a TUI request, which is what you're asking. Well, but the work product privilege generally applies as to the opposing party. There was never any contemplated litigation as to the district attorney. Let me also ask you, isn't this matter technically now moot because you were able to, you know, the district attorney has all the information or it's not moot? That's actually my last point is it's absolutely not moot for a couple of reasons. First, if you look at the letter and the attachment that was attached to the government's brief, if you look at the actual description of the documents, it's got ellipses in the title, so there's no way for anybody to figure out what those documents are. The only full references are to government servers, so it doesn't identify anything. But more importantly, the letter and the documents raise exactly the issue that's raised in a footnote of our brief, I think it's footnote three of page five, where the government sort of amalgamated some conclusions. And I would say that that letter demonstrates that some of these alleged conclusions are not inferences based on evidence, but interpretations by the government. Let me ask you one other question. And I just want to get the timing right. When you filed the lawsuit against the U.S. Attorney's Office, was the investigation under 34 U.S. Code section 12601 still ongoing or had it concluded? The DOJ's investigation, it had concluded. It had concluded by that time. I believe they were in some sort of negotiation about a resolution, but the investigation... Let me say this, because the statute originally was 42 U.S. Code section 14141. I, as a district court judge, had one of these consent decree cases for 10 years. And the way these things are handled is there's an investigation, usually maybe a year, two years. Once that is done, the county or whatever or the city or the state will get the notification from the U.S. EPA. Then there's conversations, and usually these end in consent decrees, I think nationwide, or maybe not a consent decree but a letter, and there's like an agreement that's not in court. If you comply with this, we won't file. But that's usually the whole process. So there is an important government interest in the way these matters are handled, even though, you know, there may not be a lawsuit, the investigation may be over. Do you have anything to say about that? Because you have that interest also. Because U.S. DOJ usually wants to settle these cases extrajudicially or, if need be, through a consent decree supervised by the district judge with a monitor. I would suggest that it's in everybody's interest, including public confidence, that the DOJ be required to show its work. It made these scathing allegations and has spent the last three years running from them. Okay. And let me ask you, has a lawsuit been filed, you know, or a consent decree been filed? More than a year ago, yes. Okay. Because my experience would be that based on that consent decree, the complaint, the consent decree, you probably have the whole history or the whole information there. Aren't you able to, by reviewing that, get all the information you need? No, not at all. So you're still going beyond what was made public? The consent decree is basically Springfield promising to change its practices and engage in various retraining and administrative actions. It doesn't address particular cases, which is the district attorney's concern. Okay. Thank you. Attorney Shee, please step up to the podium. Present your argument, please. Thank you. May it please the Court, Mike Shee for the Federal Government. I want to start with the timing issues raised at the end of opposing counsel's presentation because I think they're critical in understanding the U.S. Attorney's reasoning in denying the TUI request. What's before the Court is a challenge to a 2020 denial of a TUI request for documents that DOJ's litigation personnel had determined would support certain findings that the Springfield Police Department was engaged in a pattern or practice of unconstitutional behavior. Now, at the time the TUI request was denied, there was no consent decree in place. All there was was a findings report announcing the results of DOJ's preliminary investigation. And that finding report goes to the county? The findings report, my understanding, is public. And so DOJ, as it usually does in these consent decree cases, started with this findings report after a substantial investigation. And that's the predecessor step to the filing of an action or a consent decree. Exactly, Your Honor. So the other side suggests that the release of the findings report is the end of the process when, as our brief makes clear, it's only the beginning. It's not until you get a consent decree approved by a district court judge or there is what U.S. DOJ, I mentioned before, will send a letter. There will be an informal agreement. And if it's complied with within two or three years and there is a further follow-up to the investigation, then, okay, no lawsuit is filed. Shake hands. We're all set. You're all set. That's right, Your Honor. And, indeed, at the time, it was not at all clear that DOJ would have been able to even get a consent decree because, as Your Honor is aware, a lot of these cases do end in consent decrees or informal letters. Some of these cases do not, and DOJ has to proceed to litigation. And in litigation, DOJ would be relying upon precisely the same theories of unconstitutional conduct that it set forth at a general level in the findings report. And so it was certainly not arbitrary or capricious. So what you're saying is when the Freedom of Information Act or the TUI request is made, there's still no consent decree. The case has been filed or maybe still hasn't been filed. The process is still ongoing. That's exactly right, Your Honor. And that is exactly the basis of the U.S. Attorney's decision denying the TUI request. If the consent decree existed at the time of the TUI request, would your position be different? So that's a complicated question, Your Honor, and I'll say a couple of things in response, if you'll allow. The first is, of course, that no such request is before the court, and we haven't received one either. The only request before the court is the one, you know, dated in 2020. But to answer your hypothetical question. There's no post-consent decree TUI request. To my knowledge, there isn't. But, you know, I want to address your hypothetical question because I think this is important. You know, we're the Department of Justice. We take the DA's assertions of these constitutional disclosure obligations quite seriously. The problem is that the DA's office framed its request in a way that is problematic from the perspective of important, countervailing federal interests. As the last few pages of their reply brief makes clear, and as opposing counsel made clear in her initial argument, you know, the information they've asked for would tend to be used to try to undermine the DOJ's consent decree, right? Because what they're looking for is not the documents themselves. They have all of the documents. What they're looking for are the documents that are in the judgment of DOJ's litigation personnel. You know, these are the ones that support the findings of a pattern of practice of constitutional violations. And so, you know, making those disclosures would tend to expose the thinking of DOJ litigation personnel with respect to the specific case against the Springfield Police Department and, you know, would also just reveal ways in which DOJ goes about the very sensitive task. This is revealed, for example, for Springfield. Technically, if DOJ is investigating, let's say, a county in Montana or somewhere else, those folks would know about this, and they know how DOJ thinks, and then that investigation might be thwarted also. That's exactly right. Nationwide. But that proves too much, doesn't it? Because suppose Springfield hadn't settled. They'd said, we're going to fight this, and DOJ then sued Springfield. Springfield would be entitled in that litigation to sort of discover a request that says, specify precisely what facts, what documents support your allegations and why, and they could take a deposition. And in that setting, your work product objections would go nowhere. Your Honor, I think it may be more complicated than that. I'm obviously less familiar with the civil discovery setting in this case because there hasn't been a trial. But my understanding there is that there would be a substantial discovery process where, you know, all of these issues would be ventilated in the context of an actual, you know, lawsuit. But here we don't have an actual. But that sort of debunks your argument that other cities around the country could learn from looking at our thought process here. Had Springfield settled, you would either have to have dropped the case or disclose your theories as to who did what, when, and why. Your Honor, if I'm understanding the question correctly, it's that, you know, in civil discovery, maybe Springfield would have been able to, you know, overcome this. Not maybe. It's pretty black-letter law that in discovery I could ask the other party, you've alleged I violated the Constitution. Please tell me why. Yes, that's true, Your Honor. But, you know, a couple of things. First, as I said, this case doesn't involve discovery requests made in that context. This case is a two-way request. Right. But back to your other point. I was addressing your point that somehow we should protect you from being figured out by municipalities around the country. That's inherent in your ever bringing one of these charges. If a case goes to trial, then DOJ would determine, you know, how to structure the complaint, would determine what allegations to raise, would determine, you know, which allegations to raise in light of potential privilege assertions and the fact that certain privilege assertions might be overcome. But the fact is this decision was made not in the context of preexisting litigation but well before preexisting litigation. Right. So, Brad, we're back to your first point. But Judge Helpe's question was basically suppose Ms. Mulvey handed you a two-way request today. What objection would you have? So the concern that we would have in that context is, you know, the two-way request would tend to reveal the information about, you know, how the Civil Rights Division investigated the pattern of practice allegations against the city of Springfield. If there's a two-way request and it's valid, let's assume she files it today, the USDOJ can still provide a lot and, again, I had hundreds of Brady Giglio and other attorney work product issues and discovery over many, many years. You can always black those areas out and, you know, and that's what usually happens. Or sometimes there's issues that it's a close call, let the judge, you know, decide should I present this or no. And that's something that can be done also. But that would be prospectively. So let me also ask you this. Because there's a consent decree here, what happens when these consent decrees is there's no litigation. Usually the county will not accept the allegations, but they'll go and accept the consent decree and say, because you have sued under this and rather than litigate without accepting this, we're going to take these actions moving forward. That's what happened here, correct? That's my understanding of what happened here, right. My understanding from, you know, as referenced in the amicus briefs and is that the city of Springfield may not be, you know, fully accepting of all of the allegations that DOJ has leveled. But the fact remains, Your Honor, that a consent decree is in place. So, you know, I'm having to. Counsel, can I ask you from your point of view, you haven't yet mentioned your sister's claim that we should be applying a de novo standard of review rather than the traditional arbitrary purchase standard. Does it make any difference from DOJ's point of view? I gather from your argument that you think that you deserve to win no matter which standard we apply. In our view, the U.S. Attorney's decision to deny the TUI request can be sustained under any standard of view, whether it's de novo or whether it's arbitrary or capricious review. But the answer to your question, Your Honor, about the appropriate standard review is that the appropriate standard is the familiar arbitrary and capricious standard. And that's because neither the denial of the TUI request nor the district court's decision turned on any disputed issue of constitutional law. As this court's decision in the Puerto Rico case makes clear, the fact that a TUI request may have some constitutional valence does not automatically convert that TUI request into one that presents an issue of constitutional law. What Puerto Rico case are you referring to? That's the Puerto Rico decision. It's Puerto Rico against the United States. The pin site is 490F3rd at 61, I believe. It may be a different pin site, but it's the Puerto Rico case referred to at 490F3rd. And so in that case... There's many Puerto Rico versus U.S. and vice versa cases, so that's why... Yeah, there's very many, Your Honor. You're right. But it's the one that we refer to in our brief in discussing this applicable standard of review. And there, Puerto Rico asserted that a TUI request implicated constitutional concerns, but nevertheless the court applied the arbitrary and capricious standard. But as I said in my initial answer to you, Judge Selya, the standard of review doesn't matter because, in our view, the decision of the U.S. attorney can be sustained under any standard. Thank you. Unless the court has further questions about this, I'm happy to rest on our briefs. Thank you. Thank you, Your Honor. For these reasons, we urge that the decision of the district court be affirmed. Thank you, Attorney Sheehan. Attorney Mulvey, please step up and present your rebuttal. I just would like to briefly address the last point about the Puerto Rico case. In that case, Puerto Rico was claiming some sort of independent constitutional right of review, and the court said your only remedy is under 5 U.S.C. 706. In this case, we're proceeding as directed by the court under 706 2B, and so I think that case doesn't apply. I would ask the court to order the DOJ to disclose this information so that the DA can provide it to the people that the DOJ is so concerned about. Let me ask you another question. Let's assume we find that the TUI request at the time you're not entitled to anything. Wouldn't this preclude you? This wouldn't preclude you, I would suspect, from filing a new TUI request, would it? It wouldn't. It doesn't seem like the best use of everybody's time and resources to do this all again. But if you have to do it, it's me. I take the point. Okay. Okay, thank you. Thank you, Your Honor. That concludes arguments in this case.